UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

ALEXCIS HACKNER,

  Plaintiff,

-VS-

TURBINE CONTROLS, INC. and
INFLECTION RISK SOLUTIONS, LLC d/b/a
GOODHIRE,

  Defendants.

_____/

CASE NO.: 3:19-cv-01302-JAM

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT

    **COMES NOW**, Plaintiff, Alexcis Hackner, by and through her undersigned counsel, and sues Defendants, Turbine Controls, Inc. (hereinafter "TCI"), and Inflection Risk Solutions, LLC d/b/a Goodhire (hereinafter "Goodhire") (collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting  Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

    1.    This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

    2.    The FCRA enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies and in doing so promoted the efficiency and public confidence in the banking system.

    3.    The Defendants have violated the FCRA with respect to Plaintiff by failing to provide Plaintiff with: (a) a pre-adverse action disclosure which includes a copy of her consumer

1

report obtained from Goodhire and a description in writing of her rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information. Goodhire failed to maintain and follow strict procedures regarding the accuracy of information when preparing and furnishing TCI a report regarding Plaintiff.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. §1681p with respect to Plaintiff's FCRA claims.

5.      Venue is proper as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(b)(2)

## PARTIES

6.      Plaintiff is a natural persona, who at all times relevant resided in this judicial district.

7.      At all relevant times and cited herein, Plaintiff was a consumer as defined by 15 § USC 1681(a)(b) and (c).

8.      Plaintiff is a person as defined by 15 § USC 1681(a)(b).

9.      Upon information and belief, TCI is a corporation doing business in the State of Connecticut from its principal place of business located at 5 Old Windsor Rd., Bloomfield, CT 06002 and through its registered agent, Steven D. Bartelstone, 185 Asylum St., 22nd Floor, Hartford, CT 06103.

10.     Upon information and belief, Goodhire is a corporation doing business out of the State of California with its principal place of business located at 555 Twin Dolphin Dr., Suite 630, Redwood City, CA 94065.

## FACTUAL ALLEGATIONS

2

11.     On or about March 2019, Plaintiff submitted an application for employment with TCI.

12.     TCI brought Plaintiff in for an interview approximately two weeks later where she interviewed with a manager.

13.     After the interview had concluded the manager with TCI took Plaintiff on a tour of the facility and made her a verbal offer for a position within TCI as a Plasma Blaster.

14.     Approximately one to two weeks later, Plaintiff received a written confirmation of the offer of employment from TCI within the mail. Plaintiff had to fill out the offer to accept it and then she returned the accepted offer via U.S. Mail.

15.     Sometime thereafter, TCI requested a consumer report containing information on Plaintiff from Goodhire. Goodhire is a consumer reporting agency as defined in 15 U.S.C. § 1681a(d)(1). Goodhire prepared the requested consumer report and delivered it to TCI.

16.     While in Florida on vacation Plaintiff was contacted by an agent of TCI and informed that Goodhire had informed TCI there was a discrepancy with Plaintiff's social security number. While preparing to fly back home to Connecticut Plaintiff sent TCI proof that her social security number did in fact belong to her.

17.     Plaintiff's starting date for her new position at TCI was scheduled for May 6, 2019.

18.     In the morning of May 6, 2019, Tony LeBlanc, Vice President / General Manager of TCI both called and emailed Plaintiff and conveyed to Plaintiff that upon Goodhire having conducted a background check on Plaintiff, it came back that Plaintiff's social security number came back as a match for a male individual and until the discrepancy was cleared she could not be employed and to not bother coming in that day.

19.    Additionally, on or about May 6, 2019, Goodhire also emailed Plaintiff a limited version of her credit report and informed Plaintiff that her social security number "has a flag."

20.    The consumer report provided by Goodhire to TCI contained inaccurate information, including but not limited to, that Plaintiff's social security number belonged to another unknown individual.

21.    The background report prepared by Goodhire and used by TCI is a "consumer report" within the meaning of 15 U.S.C. §1681a(d) and §1681b(a)(3)(F)(i) in that it was a:

> written…communication of any information by a consumer reporting agency bearing on a consumer's…character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility

22.    Furthermore, due to the limited information on Goodhire's credit report, on May 6, 2019, Tony LeBlanc emailed Plaintiff the name and date of birth of the unknown male, known only as Logan W. Johnson, whom Goodhire and TSI claim share a social security number with Plaintiff.

***Requirements of the FCRA***

23.    Pursuant to 15 U.S.C. §1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or employment applicant based on information contained in a consumer report obtained from a consumer reporting agency, an employer must provide the employee or employment applicant with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from a consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action is taken. Pursuant to 15 U.S.C. § 1681a(d), the definition of a "consumer report" for purposes of the FCRA includes a criminal background check used for employment purposes. Pursuant to 15

U.S.C. § 1681a(k), the definition of "adverse action" for purposes of the FCRA includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

24.     On information and belief, TCI has a nationwide policy and practice of requesting that Goodhire or other consumer reporting agencies provide it with consumer reporting containing background information on all employees and employment applicants and of taking adverse employment action based on information contained in those reports without providing employees or employment applicants: (a) a pre-adverse action disclosure containing a copy of the consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

25.     Pursuant to 15 U.S.C. § 1681e, the FCRA requires that Goodhire utilize reasonable procedures to ensure maximum possible accuracy of the information in its report regarding Plaintiff.

26.     Goodhire failed to require certification by TCI that it would comply with requirements under the FCRA prior to furnishing the report regarding Plaintiff.

27.     Goodhire failed to maintain and follow strict procedures regarding the accuracy of information when preparing and furnishing TCI a report regarding Plaintiff and did not contemporaneously provide their report to Plaintiff.

28.     Goodhire failed to consider all the relevant information in its possession when preparing the report regarding Plaintiff.  Moreover, when provided further information of Plaintiff's social security, it failed to correct its report to TCI continuing to prevent Plaintiff's employment.

29.     Goodhire failed to utilize reasonable procedures to ensure maximum possible accuracy of the information in its report regarding Plaintiff by failing to consider Plaintiff's full and accurate name, middle name and information.

30.     Goodhire failed to utilize reasonable procedures to ensure maximum possible accuracy of the information by failing to implement policies that would filter and screen against the known risks of identity theft and mixed information.

31.     Goodhire failed to utilize strict procedures to ensure maximum possible accuracy of information.

***Damages***

32.     Prior to applying at TCI and being offered a position, Plaintiff had worked at a local Advanced Auto Parts store.

33.     Upon being offered the position at TCI Plaintiff resigned from her job at Advanced Auto Parts.

34.     TCI withdrawing its offer of employment left Plaintiff unemployed and, as of the filing of this Complaint, Plaintiff is still unemployed.

35.     As a result of this conduct, including the actions and/or inactions of TCI and Goodhire, the Plaintiff suffered damages including but not limited to:

   a.   Loss of Salary

   b.   Loss of bonuses

   c.   401k

   d.   Retirement package

36.     Plaintiff has felt embarrassment with her community and family over the loss of employment and damage to her name.  Plaintiff has several close friends that work for TCI and are aware of her employment rejection.

37.     Plaintiff's position at TCI would have been her first full time job and Plaintiff was anticipating being able to start her adult life in proper, however the loss of the job opportunity has instead left Plaintiff's life in a state of uncertainty.

38.     Plaintiff has spent significant hours investigating how to rectify the situation.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of the Fair Credit Reporting Act as to TCI

39.     Plaintiff re-alleges and reincorporates paragraphs 1 through 38 above.

40.     TCI willfully failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of her rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3).   TCI failed to provide the communications with Goodhire, where the name of the alleged mixed individual sharing the same social security, were discussed. Plaintiff was only made aware of the name Logan W. Johnson, but had little ability to dispute it.    TCI received actual copies of Plaintiff's social security card, yet failed to provide sufficient information or time to allow Plaintiff to fix the mistake by Goodhire.

41.     TCI's willful violation of 15 U.S.C. § 1681b has caused damages to Plaintiff for which TCI is liable under 15 U.S.C. § 1681n.

42.     Further, TCI's conduct, action and inaction was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

43.     In the alternative to paragraph 41 of this complaint, TCI negligently failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of her rights under the FCRA; and (b) a pre-adverse action opportunity

to dispute the accuracy of the information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3).   TCI has repeatedly refuse to provide to Plaintiff the report or communications with GoodHire that led to her denial of employment.

44.    In the alternative to paragraphs 41 and 42 of this complaint, TCI's negligent violation of 15 U.S.C. §1681b(b)(3) has caused damages to Plaintiff for which TCI is liable under 15 U.S.C. § 1681o.

45.    Plaintiff is entitled to recover costs and attorney's fees from TCI in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against TCI, to Plaintiff, award Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of the Fair Credit Reporting Act as to GOODHIRE

46.    Plaintiffs re-allege and reincorporate paragraphs 1 through 38 above.

47.    Goodhire violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.   Goodhire's report was patently false or misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.   GoodHire should have known that Plaintiff is a female and not a male.   Plaintiff's name is Alexcis Hackner and not Tony LeBlanc.

48.    Goodhire's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual

8

damages under 15 USC § 1681o.  Plaintiff believes TCI provided the images of the social security clearly belonging to Plaintiff but Goodhire never corrected their report to allow Plaintiff to get her dream job.

49.    Plaintiff is entitled to recover costs and attorney's fees from Goodhire in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Goodhire, to Plaintiff, award Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**DATED** this 23rd day of October, 2019.

Respectfully submitted,

/s/ Octavio Gomez
Octavio "Tav" Gomez, Esquire
**(Admitted Pro Hac Vice)**
Pennsylvania Bar #3215066
Florida Bar #: 0338620
Georgia Bar # 617963
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 225-6745
Facsimile:   (813) 225-5402
TGomez@ForThePeople.com
Attorney for Plaintiff